ORIGINAL

# IN THE UNITED STATES DISTRICT COURT

# FOR THE MIDDLE DISTRICT OF FLORIDA

# TAMPA DIVISION

BRIAN P. JACK,

CASE NO. 8:13-cv-2442-T-33TBM

Plaintiff,

vs.

STEVE KEIRN, individually; STEVE KEIRN,
INC., D.B.A. FLORIDA CHAMPIONSHIP
WRESTLING; NXT WRESTLING, formerly
known as FLORIDA CHAMPIONSHIP
WRESTLING; WORLD WRESTLING
ENTERTAINMENT, INC.; JOHN DOES 1-25;
JANE DOES 1-25; DOE LIMITED
PARTNERSHIPS 1-25; and DOE
CORPORATIONS 1-25;

Defendants.

_____/

## COMPLAINT FOR DAMAGES

## AND DEMAND FOR JURY TRIAL

COMES NOW BRIAN P. JACK, Plaintiff in the above-entitled action, as party pro se, and for causes of action against Defendants STEVE KEIRN, individually, STEVE KEIRN, INC., D.B.A. FLORIDA CHAMPIONSHIP WRESTLING; NXT WRESTLING, formerly known as FLORIDA CHAMPIONSHIP WRESTLING; WORLD WRESTLING ENTERTAINMENT, INC., as well as Defendants JOHN DOES 1-25, JANE DOES 1-25, DOE LIMITED PARTNERSHIPS 1-25, and DOE CORPORATIONS 1-25, and, hereby alleges and avers as follows:

I.  **NATURE OF ACTION**

1. This is an action for damages, compensation and losses resulting from the collapse of a wrestling ring located on the former premises of the Florida Championship Wrestling training facility which was located in Tampa, Florida while in the ownership, use, management, and operation of the above named Defendants. Plaintiff seeks a judgment from the above-named Defendants, individually and collectively, for past and future medical and hospital expenses, mental anguish, emotional distress, past and future lost wages, loss of earning capacity as a professional wrestler, temporary and permanent injuries, pain and suffering, loss of ability to earn money, permanent disfigurement and scarring, loss of enjoyment of life and all other damages as provided by Florida law.

## II. JURISDICTION AND VENUE

2. Plaintiff alleges that the above entitled Court has subject matter jurisdiction to entertain and decide the causes of action brought forth by this Complaint pursuant to §26.012 of the Florida Statutes (2011) in that the matters in controversy herein exceed the sum of $15,000.00, exclusive of interest, costs and attorney's fees.

3. Plaintiff alleges that the County Court of the Thirteenth Judicial Circuit in Hillsborough County, Florida, is the proper venue for this action in that the acts described herein which are the subject of this action are alleged to have been perpetrated by the Defendants in Hillsborough County, Florida.

4. Plaintiff further alleges that the Hillsborough County, Florida venue is proper because Defendants heretofore named, purposefully and voluntarily executed their tortuous activities within said jurisdiction.

### III.  **PARTIES**

5.  Plaintiff, BRLIAN P. JACK, has at all times relevant hereto resides in Winnebago County, in the State of Wisconsin.

6.  Defendant, STEVE KEIRN(hereinafter, "Defendant Keirn"), is an individual who, at all times relevant hereto, resides at an unknown location somewhere in the State of Florida.

7.  Defendant, STEVE KEIRN, INC., D/B/A FLORIDA CHAMPIONSHIP WRESTLING (hereinafter, "Defendant FCW"), is a corporation formed under the laws of the State of Florida with its principal place of business believed to be formerly located at 4535 South Dale Mabry Highway, Tampa, Florida 33611. Defendant FCW publicly admits to have been "sanctioned and reorganized" by World Wrestling Entertainment, Inc., and regarded itself as an "Official Developmental Territory" of World Wrestling Entertainment, Inc., and is believed to have other corporate or business affiliations or associations with World Wrestling Entertainment, Inc. that have yet to be discovered at all times pertinent to the fact and circumstances described in this action.

8.  Defendant, NXT WRESTLING (hereinafter, "Defendant NXT"), formerly known as FLORIDA CHAMPIONSHIP WRESTLING (from 2007 until 2012), is a professional wrestling promotion based on the former independent "Championship Wrestling from Florida" promotion, which operated from 1961 until 1987. From 2008 onwards, the promotion has served as the official developmental territory for the World Wrestling Entertainment, Inc. and is believed to have other corporate or business affiliations or

associations with World Wrestling Entertainment, Inc. that have yet to be discovered at all times pertinent to the fact and circumstances described in this action.

9. Defendant, WORLD WRESTLING ENTERTAINMENT, INC. (hereinafter, "Defendant WWE") is a corporation formed under the laws of the State of Connecticut with its principal place of business at 1241 E. Main Street, Stamford, Connecticut 06902-3520.

10. Defendants JOHN DOES, JANE DOES, DOE LIMITED PARTNERSHIPS, and DOE CORPORATIONS are names and identities of potential parties presently unknown to Plaintiff and/or whose liability to the Plaintiff is presently unknown, except that they are persons and/or entities who were and/or are agents, masters, servants, employees, employers, corporations, supervisors, consultants, representatives, co-venturers, partners, associates, and/or licensees of the named Defendants: and/or who were in some manner, presently unknown to Plaintiff, engaged in the activities and transactions referenced in this Complaint; and/or who were in some manner responsible for the injuries or damages to Plaintiff or who may otherwise be liable to Plaintiff based on the transactions described in this Complaint. The Plaintiff has made a good faith attempt to identify the true names

8. and identities, capacities, acts and omissions of said "Doe" Defendants prior to filing this Complaint, and respectfully reserves the right to amend this Complaint in the future should their identities ever become known.

11. At certain times hereinafter, all of the named defendants shall collectively be referred to as "Defendants" unless otherwise individually identified.

## IV. CLAIMS ASSERTED

12. Plaintiff repeats, alleges and reincorporates by reference the allegations contained in paragraphs 1 through 11 above as though fully set forth herein.

13. On January 7, 2009, Defendants owned, operated, maintained, utilized, serviced and was completely responsible for a wrestling ring used for training wrestlers who were competing or set to compete at wrestling events held, managed, and/or operated by Defendant WWE which was situated to the right of the private training entrance on premises known as Florida Championship Wrestling training facility which is located at 4535 South Dale Mabry Highway, Tampa, Florida 33611 (hereinafter, "Wrestling Ring").

14. On said date, Plaintiff was an experienced, professional wrestler who was an invitee and permitted on the Wrestling Ring and at the location where the Wrestling Ring was kept by the Defendants.

15. On said date, Plaintiff was specifically required by the Defendants to train on the Wrestling Ring, despite the fact that there were two other fully functional training wrestling rings at the stated location.

17. At approximately 7:30 p.m., while on the Wrestling Ring training a rookie wrestler matched up with the Plaintiff by the Defendants at their sole discretion, said Wrestling Ring did collapse in sudden and horrible measure, resulting in various serious injuries to Plaintiff's body, especially the horrendously painful breaking of Plaintiff's right knee.

18. At the time of the collapse of the Wrestling Ring, there were 6 to 8 people on the Wrestling Ring.

19. Defendants failed and refused to render any kind of meaningful aid. Defendants failed and refused to contact emergency personnel for the Plaintiff regarding his injuries. Defendant Keirn, at the time of the injury, confidentially advised the Plaintiff that unless he wanted work as a wrestler with Defendant WWE, Plaintiff was not to call an ambulance or report the occurrence of the injury.

19. Plaintiff suffered fibula-tibia fractures and ACL torn from the horn of the knee and other extensive injuries associated with the ring malfunction that remained unattended and without remedy for nearly four months.

20. Plaintiff alleges as additional causes of action against all defendants breach of contract; breach of the obligation of good faith and fair dealing; negligence/negligent misrepresentation; negligent supervision of employees/agents and authorized actors;

intentional and negligent infliction of emotional distress; fraud; fraud in the inducement to contract; fraudulent misrepresentation; negligent maintenance of property conditions and premises liability; gross negligence; intentional interference with business opportunity; conversion of pecuniary interest; interference with contractual relationships.

## V. DAMAGES SOUGHT

21. Plaintiff repeats, alleges and reincorporates by reference the allegations contained in paragraphs 1 through 19 above as though fully set forth herein.

22. At the time of the incident, Defendants owed the Plaintiff a duty to provide a safe training environment and to use reasonable care in the operation, direction, management, set-up, control, and supervision of the Wrestling Ring.

23. The Defendants, with gross negligence, breached their duty of reasonable care owed to the Plaintiff. Such gross negligence includes, but is not limited to:

    (a) Failure to insure appropriate coordination and supervision of the Wrestling Ring;

    (b) Failure to conduct adequate inspections of the Wrestling Ring to insure it was safe for use by all invitees;

(c) Failure to manage the number of people that should be on the Wrestling Ring at a time, especially considering that only the Defendants were privy to the Wrestling Ring's compromised condition.

(d) Allowing an adequate and dangerous structure, the Wrestling Ring, to be used at the subject training facility;

(e) Allowing for the Wrestling Ring to be overloaded or overly occupied beyond reasonable engineering tolerances that Defendants, in their ownership, management, and operation of the Wrestling Ring, were well within their knowledge to exclusively understand;

(f) Failure and refusal to have reasonable and adequate emergency response plans to deal with wrestling ring collapses; and

(g) Failure to appropriately notify all invitees, including the Plaintiff, of the harmful or dangerous condition of the Wrestling Ring before permitting its use.

24. As a direct and proximate result of Defendants' gross failure to exercise reasonable care regarding the ownership, maintenance, use, and operation of the Wrestling Ring which caused the subject collapse of the same, as well as Defendants' gross Failure and refusal to allow the Plaintiff to receive medical evaluation and assistance for his injuries, Plaintiff is entitled to damages for past and future medical and hospital expenses, mental anguish, emotional distress, past and future lost wages, loss of earning capacity as a professional

wrestler, temporary and permanent injuries, pain and suffering, loss of ability to earn money, permanent disfigurement and scarring, loss of enjoyment of life, pre- and post-judgment legal interest, punitive damages, and all other damages as provided by Florida law.

WHEREFORE, Plaintiff demands judgment against the Defendants, individually and collectively, m an amount which exceeds the jurisdictional requirements of this Court, plus interest, litigation costs and expenses as will be proven at trial, and further demands such other and further relief as this Court may deem just, proper and equitable.

## VI. **RELIEF SOUGHT**

WHEREFORE, Plaintiff BRIAN P. JACK respectfully requests that this Court grant judgment in his favor against the aforementioned Defendants, mdlvidually and collectively, as follows:

a) General damages in an amount to be proven at trial:

b) Compensatory damages in an amount to be proven at trial;

c) Punitive damages in an amount to be proven at trial:

c)   Litigation costs and expenses incurred by Plaintiff reasonably associated with the prosecution of this case, as well as pre-judgment interest and post-judgment interest; and

d)   An award of such other and further relief as the above-entitled Court deems equitable and just under the circumstances and allowable under the laws of the State of Florida.

VII.   **DEMAND FOR JURY TRIAL**

COMES OW BRIAN P.JACK, Plaintiff in the above-entitled action, as party pro se, and hereby respectfully demands a trial by jury of all issues so triable pursuant to Rule 1.430 of the Florida Rules of Civil Procedure.

Respectfully filed on this, 19th day of September, 2013, by

_____
BRIAN P .JACK

Plaintiff Pro Se

P.O. Box 506

New London, Wisconsin 54961

Telephone No.: 920-840-7557