UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRIAN P. JACK,

    Plaintiff,

v.Case No. 8:13-cv-2442-T-33TBM

STEVE KEIRN, individually,
et al.,

    Defendants.
_____/

**ORDER**

This matter comes before the Court *sua sponte*. *Pro se* Plaintiff Brian P. Jack initiated this action on September 20, 2013, against Steve Keirn, individually; Steve Keirn, Inc., doing business as Florida Championship Wrestling; NXT Wrestling, formerly known as Florida Championship Wrestling; World Wrestling Entertainment, Inc.; John Does 1-25; Jane Does 1-25; Doe Limited Partnerships 1-25; and Doe Corporations 1-25. (Doc. # 1). The Court was not satisfied that it had jurisdiction over this action, and as a result, on September 24, 2013, this Court entered the following Order:

> ENDORSED ORDER: Plaintiff attempts to allege diversity of citizenship, pursuant to 28 U.S.C. § 1332, as the basis for the Court's jurisdiction over this matter. In order to sufficiently allege diversity jurisdiction, Plaintiff must demonstrate complete diversity of citizenship and that the

>amount in controversy exceeds $75,000. See 28 U.S.C. § 1332. In order to demonstrate complete diversity, Plaintiff must establish that his citizenship is diverse from the citizenship of every Defendant. As explained in Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1342 n.12 (11th Cir. 2011), "citizenship, not residence, is the key fact that must be alleged . . . to establish diversity for a natural person." Furthermore, Plaintiff is advised that to sufficiently allege citizenship of a corporate defendant, the state of incorporation as well as the location of the principal place of business must be stated. See 28 U.S.C. § 1332(c)(1). In addition, Plaintiff must establish that the amount in controversy exceeds $75,000. Upon review of the Complaint, Plaintiff has insufficiently alleged "the matters in controversy herein exceed the sum of $15,000, exclusive of interest, costs, and attorney's fees." Because the Complaint fails to properly allege the citizenship of several Defendants and that the amount in controversy exceeds $75,000, diversity jurisdiction has not been definitively established. As a result, the Court directs Plaintiff to file an amended complaint on or before October 18, 2013, demonstrating that the proper grounds for diversity jurisdiction exist. Failure to satisfy the Court that the requirements for diversity jurisdiction exist may result in an Order of dismissal for lack of jurisdiction.

(Doc. # 3).

Plaintiff filed an Amended Complaint on October 18, 2013. (Doc. # 4). However, upon review of the Amended Complaint, the Court was still not satisfied that it had

jurisdiction over this action, and entered the following Order:

> ENDORSED ORDER: This Court is in receipt of Plaintiff's Amended Complaint. [4]. However, upon review of the Amended Complaint, the Court finds that Plaintiff has still not sufficiently demonstrated that the proper grounds for diversity jurisdiction exist. The Court reminds Plaintiff that in order to sufficiently allege diversity jurisdiction, Plaintiff must demonstrate complete diversity of citizenship and that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332. In order to demonstrate complete diversity, Plaintiff must establish that his citizenship is diverse from the citizenship of every Defendant. Therefore, the citizenship of Plaintiff and the citizenship of every Defendant must be alleged in the Complaint. As explained in Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1342 n.12 (11th Cir. 2011), "citizenship, not residence, is the key fact that must be alleged . . . to establish diversity for a natural person." Furthermore, Plaintiff is advised that to sufficiently allege citizenship of a corporate defendant, the state of incorporation as well as the location of the principal place of business must be stated. See 28 U.S.C. § 1332(c)(1). In addition, Plaintiff must establish that the amount in controversy exceeds $75,000. Because the Amended Complaint fails to properly allege the citizenship of several Defendants and that the amount in controversy exceeds $75,000, diversity jurisdiction has not been definitively established. As a result, the Court directs Plaintiff to file a second amended complaint on or before November 8, 2013, demonstrating that the proper grounds for diversity jurisdiction exist. Failure to satisfy the Court

>that the requirements for diversity jurisdiction exist will result in an Order of dismissal for lack of jurisdiction.

(Doc. # 5). Plaintiff filed a Second Amended Complaint on November 8, 2013, which adequately demonstrated that this Court has diversity jurisdiction over this action. (Doc. # 6).

Thereafter, on January 22, 2014, Plaintiff filed a Motion for Enlargement of Time requesting that this Court grant him an additional thirty days in which to obtain counsel. (Doc. # 7). This Court construed the Motion as also requesting an extension for Plaintiff to effect service of process on all Defendants. Upon consideration, this Court found good cause to grant Plaintiff a sixty day extension to effect service of process on all Defendants and further reminded Plaintiff that he could represent himself in this matter *pro se*, if he so chooses. (Doc. # 8). As a result of the Court's Order, Plaintiff had until and including March 24, 2014, to effect service on all Defendants. (Id.).

On March 21, 2014, Plaintiff filed a Third Amended Complaint. (Doc. # 9). The Third Amended Complaint adds a plethora of other Defendants to this action. Although this Court has instructed Plaintiff several times on how to

4

properly allege the citizenship of a party, the Third Amended Complaint fails to properly allege the citizenship of the newly added Defendants.

Furthermore, Plaintiff failed to seek leave from this Court prior to filing the Third Amended Complaint. Pursuant to Federal Rule of Civil Procedure 15:

> **(a)  Amendments Before Trial.**
>
> **(1)  Amending as a Matter of Course.** A party may amend its pleading once as a matter of course within:
>
>> **(A)**  21 days after serving it, or
>> **(B)**  if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> **(2)  Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a)(1)-(2).

There is no indication on the record that Plaintiff effected service on the originally named Defendants by the extended deadline imposed by this Court - March 24, 2014 - and the time to do so has now passed. The Court notes that

5

attached to the Third Amended Complaint, Plaintiff filed a letter to the Clerk of the Court indicating that "A process server should be coming to your office to file the Summons and return of service by Friday [March 21, 2014] and I pray no later than Monday [March 24, 2014]." (Doc. # 9-1). At this juncture, however, the record is devoid of any executed summons or return of service demonstrating that service has been properly effected upon the original Defendants.

Accordingly, Plaintiff is not entitled to amend his pleading as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1), and he must request this Court's permission to do so pursuant to Federal Rule of Civil Procedure 15(a)(2), which he has failed to do. Despite Plaintiff's apparent failure to comply with Federal Rule of Civil Procedure 15, in an abundance of caution given Plaintiff's *pro se* status, the Court has reviewed the Third Amended Complaint and finds that the Third Amended Complaint is subject to dismissal for lack of subject matter jurisdiction as diversity is not properly alleged.

Although Plaintiff is representing himself *pro se*, this Court expects him to adhere to the Rules governing this Court and the Federal Rules of Civil Procedure. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("Once a *pro se* . . .

6

litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."). Plaintiff may not circumvent the service requirement by filing a futile amended complaint against new Defendants on the eve of the service deadline. Accordingly, the Court finds that dismissal of this action without prejudice for lack of subject matter jurisdiction is warranted.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) This case is dismissed without prejudice for lack of subject matter jurisdiction.

(2) The Clerk is directed to **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 27th day of March, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record

7